UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, <br><br> Plaintiff, <br><br> v. <br><br> GIAN HERNANDEZ, ET AL., <br><br> Defendant(s). | Case No. CV 18-7268-SVW (KK) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Raymond Alford Bradford ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Gian Hernandez, J. Bennett, and Kay in their individual and official capacities ("Defendants"). Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, acted with gross negligence, performed medical malpractice, and committed fraud. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

///

///

## II.

## **PROCEDURAL HISTORY**

On July 26, 2018, Plaintiff, who is currently incarcerated at the California State Prison in Lancaster, constructively filed[1] a civil rights complaint ("Complaint"). ECF Docket No. ("Dkt.") 1.

The allegations in the Complaint concern the medical treatment Plaintiff received following an alleged incident on May 17, 2018 in which guards at Donovan Correctional Facility in San Diego attacked Plaintiff. Dkt. 1 at 4. Plaintiff asserts that following the incident and after he submitted medical appeals, "Defendant Gian Hernandez[, who works as a physician at the California State Prison in Lancaster,] retaliated by discontinuing Plaintiff's life sustaining blood thinner (injections) and pain medication [as a way of] punishing plaintiff for complaining about chest pain, Atelectasis, a partially or completely collapsed lung, left lower-lobe pneumonia, [a] head injury, [a] spinal cord injury, and [a] right mid-finger fracture". Id.[2] Plaintiff alleges that since May 18, 2018, "Defendant Gian Hernandez has deliberately denied, delayed, interfered with treatment and has repeatedly lied about Plaintiff's injuries . . . to undermine Plaintiff's claim that he received injuries on May 17, 2018 at (RJD) Donovan Correctional Facility after being attacked by guards." Id.

Similarly, Plaintiff alleges that on June 6, 2018, Defendant J. Bennett, who works as a physician at Palmdale Regional Medical Center, ordered an X-ray of Plaintiff's chest and lab work. Dkt. 1 at 5. Plaintiff contends that when he "told

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, however, Plaintiff neither signed nor dated the Complaint. In fact, the signature page of the Complaint appears to be missing. However, Plaintiff signed his Motion to Proceed In Forma Pauperis, which was dated July 26, 2018. Dkt. 2. Thus, the Court deems July 26, 2018 the constructive filing date without prejudice.

[2] To the extent Plaintiff seeks to assert a First Amendment retaliation claim against Defendants, he must properly present such claim in an amended complaint.

1 [Bennett] that the guards were the cause of [Plaintiff's] injuries", Defendant Bennett informed Plaintiff "that all test[s] were normal" and "deliberately den[ied], delay[ed], interfer[ed] with treatment and l[ied] [about Plaintiff's medical] test results." Id. at 5.

Lastly, Plaintiff alleges that since mid-June 2018, "Defendant Kay[, who works as a physician at the California State Prison in Lancaster,] refused to answer any questions Plaintiff had regarding [Plaintiff's] x-ray results and treatment after Plaintiff told Defendant Kay [Plaintiff] had been attacked and framed [by prison guards.]" Dkt. 1 at 6. Plaintiff asserts that Defendant Kay "knew plaintiff has chest pain, Atelectasis, a partially or completely collapsed lung, [a] spinal cord injury, [a] head injury, [a] right mid finger [injury], and left lower lobe pneumonia" but "was upset and retaliated by deliberately denying, delaying, interfering with treatment and has repeatedly lied to Plaintiff's face in order to undermine the seriousness of [Plaintiff's] injuries." Id. at 6.

Plaintiff asserts Defendants in their individual and official capacities violated the Eighth Amendment, acted with gross negligence, performed medical malpractice, and committed fraud. Id. at 6-18.

Plaintiff contends he has not exhausted his administrative remedies but that his remedies are unavailable to him because "the appeals coordinator [failed] to process Plaintiff's emergency medical appeals for treatment for his collapsed lung as well as other injuries because the guards are responsible." Id. at 17.

The Complaint does not include a demand for relief. See Dkt. 1.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume

the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## **DISCUSSION**

### A. THE COMPLAINT VIOLATES RULE 8 BECAUSE IT DOES NOT CONTAIN A DEMAND FOR RELIEF

#### 1. Applicable Law

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). Moreover, a complaint must contain "a demand for relief sought which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Accordingly, a court may dismiss the complaint if it violates Rule 8. Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

#### 2. Analysis

Here, the Complaint fails to contain "a demand for relief sought". Thus, the Complaint is subject to dismissal under Rule 8. See Knapp, 738 F.3d at 1109.

## B. THE COMPLAINT VIOLATES RULE 11 BECAUSE IT DOES NOT INCLUDE A SIGNATURE

### 1. Applicable Law

Under Federal Rule of Civil Procedure 11 ("Rule 11"), a complaint must "be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Accordingly, a court may dismiss the complaint "based on a party's . . . failure to comply with federal or local rules of civil procedure." Ghazali v. Moran, 26 F.3d 52, 53-54 (9th Cir. 1995).

### 2. Analysis

Here, it appears the Complaint is missing a signature page. Thus, the Complaint is subject to dismissal under Rule 11. See Ghazali, 26 F.3d at 53-54.

## C. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

### 1. Applicable Law

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342,

1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

### 2. Analysis

Here, Plaintiff fails to state a Section 1983 claim against Defendants in their official capacity because Plaintiff does not allege facts showing Defendants had a "policy or custom" that was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166. In fact, Plaintiff appears to allege a "random act[] or [an] isolated event[]" in which Defendants, while treating Plaintiff, acted deliberately indifferent, were grossly negligent, performed medical malpractice, and committed fraud. See Thompson, 885 F.2d at 1444. Ultimately, Plaintiff fails to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Accordingly, Plaintiff's Section 1983 claim against Defendants in their official capacity is subject to dismissal.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a signed First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: September 14, 2018

*/s/ Kenly Kiya Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge